### No. 23-10520

In the
United States Court of Appeals
For the Fifth Circuit

---

NATIONAL HORSEMEN'S BENEVOLENT AND PROTECTIVE ASSOCIATION,
ARIZONA HORSEMEN'S BENEVOLENT AND PROTECTIVE ASSOCIATION,
ARKANSAS HORSEMEN'S BENEVOLENT AND PROTECTIVE ASSOCIATION,
INDIANA HORSEMEN'S BENEVOLENT AND PROTECTIVE ASSOCIATION,
ILLINOIS HORSEMEN'S BENEVOLENT AND PROTECTIVE ASSOCIATION,
LOUISIANA HORSEMEN'S BENEVOLENT AND PROTECTIVE ASSOCIATION,
MOUNTAINEER PARK HORSEMEN'S BENEVOLENT AND PROTECTIVE
ASSOCIATION, NEBRASKA HORSEMEN'S BENEVOLENT AND PROTECTIVE
ASSOCIATION, OKLAHOMA HORSEMEN'S BENEVOLENT AND PROTECTIVE
ASSOCIATION, OREGON HORSEMEN'S BENEVOLENT AND PROTECTIVE
ASSOCIATION, PENNSYLVANIA HORSEMEN'S BENEVOLENT AND
PROTECTIVE ASSOCIATION, TAMPA BAY HORSEMEN'S BENEVOLENT AND
PROTECTIVE ASSOCIATION, AND WASHINGTON HORSEMEN'S BENEVOLENT
AND PROTECTIVE ASSOCIATION,

*Plaintiffs-Appellants,*

THE STATE OF TEXAS and THE TEXAS RACING COMMISSION,

*Intervenor-Appellants,*

v.

JERRY BLACK; THE HORSERACING INTEGRITY AND SAFETY AUTHORITY,
INC.; THE FEDERAL TRADE COMMISSION; LINA M. KHAN, NOAH JOSHUA
PHILLIPS, REBECCA KELLY SLAUGHTER, AND CHRISTINE S. WILSON, in
their official capacities as Commissioners of the Federal Trade
Commission

*Defendants-Appellees*

*and*

1

GULF COAST RACING LLC, LRP GROUP LTD., VALLE DE LOS TESOROS LTD., GLOBAL GAMING LSP, LLC, AND TEXAS HORSEMEN'S PARTNERSHIP LLP

*Plaintiffs-Appellants,*

v.

HORSERACING INTEGRITY AND SAFETY AUTHORITY, INC.; THE FEDERAL TRADE COMMISSION; LISA LAZARUS, in her capacity as the CEO of the Horseracing Integrity and Safety Authority; STEVE BESHEAR, ADOLPHO BIRCH, LEONARD S. COLEMAN, JR., ELLEN MCCLAIN, CHARLES SCHEELER, JOSEPH DEFRANCIS, SUSAN STOVER, BILL THOMASON, AND D.G. VAN CLIEF, in their capacities as directors of the Horseracing Integrity and Safety Authority; JERRY BLACK, KATRINA ADAMS, NANCY COX, JOSEPH DUNFORD, FRANK KEATING, AND KENNETH SCHANZER, in their capacities as members of the Horseracing Integrity and Safety Authority's Nominating Committee; and LINA KHAN, REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, NOAH JOSHUA PHILLIPS, AND CHRISTINE S. WILSON, in their official capacities as commissioners of the Federal Trade Commission,

*Defendants-Appellees*

_____

Appeal from United States District Court for the Northern District of Texas
Case No. 5:21-cv-00071-H
Honorable James Wesley Hendrix

_____

**PLAINTIFFS-APPELLANTS
GULF COAST RACING ET AL.'s
MOTION TO EXPEDITE APPEAL**

_____

**MAYNARD NEXSEN PC**

By:_____

       Gregory P. Sapire
       State Bar No. 00791601
       gsapire@maynardnexsen.com
       Carlos R. Soltero
       State Bar No. 00791702
       csoltero@maynardnexsen.com

2500 Bee Caves Road
Building 1, Suite 150
Austin, Texas 78746
Telephone: (512) 431-9518
Facsimile: (512) 359-7996

**UNDERWOOD LAW FIRM, P.C.**

By: */s/ Autum L Flores*_____

       Autum L. Flores
       State Bar No. 24081205
       Autum.Flores@uwlaw.com

500 S. Taylor, Suite 1200
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 376-0376

**ATTORNEYS FOR PLAINTIFF-
APPELLANTS GULF COAST
RACING LLC, LRP GROUP
LTD.; VALLE DE LOS TESOROS
LTD.; GLOBAL GAMING LSP,
LLC; AND TEXAS HORSEMEN'S
PARTNERSHIP LLP**

By: */s/ Ilan Wurman*_____

       Ilan Wurman
       Arizona State Bar No. 034974
       Texas State Bar No. 24090479[1]
       Ilan.wurman@asu.edu

Sandra Day O'Connor College of Law*
Arizona State University
MC 9520
111 E. Taylor St.
Phoenix, Arizona 85004

*Provided for identification purposes only.

---

[1] Inactive.

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rule 28.2.1, Appellants Gulf Coast Racing, LLC, LRP Group LTD., Valle de los Tesoros LTD., Global Gaming LSP, LLC, and Texas Horsemen's Partnership LLP (collectively, the "Gulf Coast Appellants") file this Certificate of Interested Persons.  The names of all attorneys and/or law firms that have appeared for these parties in the case or are expected to appear for the party in this Court are Gregory Sapire, Travis Maples, and Reeves Jordan of Maynard Nexsen PC, Ilan Wurman of Tully Bailey LLP, and Autumn Flores of Underwood Law Firm, PC.  The case number, style, and complete case caption of all parties are on the preceding cover pages.

The undersigned counsel of record certifies that the following listed persons and non-governmental entities have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.    National Horsemen's Benevolent and Protective Association

2.    Arizona Horsemen's Benevolent and Protective Association

3.    Arkansas Horsemen's Benevolent and Protective Association

4.  Indiana Horsemen's Benevolent and Protective Association

5.  Illinois Horsemen's Benevolent and Protective Association

6.  Louisiana Horsemen's Benevolent and Protective Association

7.  Mountaineer Park Horsemen's Benevolent and Protective
    Association

8.  Nebraska Horsemen's Benevolent and Protective Association

9.  Oklahoma Horsemen's Benevolent and Protective Association

10. Oregon Horsemen's Benevolent and Protective Association

11. Pennsylvania Horsemen's Benevolent and Protective
    Association

12. Tampa Bay Horsemen's Benevolent and Protective Association

13. Washington Horsemen's Benevolent and Protective Association

14. Gulf Coast Racing LLC

15. LRP Group LTD.

16. Valle de los Tesoros LTD.

17. Global Gaming LSP, LLC

18. Texas Horsemen's Partnership LLP

19. Jerry Black

20.    The Horseracing Integrity and Safety Authority, Inc.[2]

21.    Lisa Lazarus

22.    Steve Beshear

23.    Adolpho Birch

24.    Leonard S. Coleman, Jr.

25.    Ellen McClain

26.    Charles Scheeler

27.    Joseph DeFrancis

28.    Susan Stover

29.    Bill Thomason

30.    D.G. Van Clief

31.    Katrina Adams

32.    Nancy Cox

33.    Joseph Dunford

34.    Frank Keating

35.    Kenneth Schanzer

---

[2] In so listing the Horseracing Integrity and Safety Authority, Inc. (the "Authority"), Gulf Coast Appellants do not admit or concede that the Authority is non-governmental for purposes of the constitutional arguments asserted herein and in other briefing before this Court and the District Courts.

36.   Any owner, breeder, trainer, or worker in the horseracing industry, as well as any owner, operator, or employee of a horse racetrack.

Additionally, pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Appellant Global Gaming LSP, LLC d/b/a Lone Star Park states that it is 51% owned by Racing Partners of Texas, LLC and 49% owned by Global Gaming Solutions, LLC. Appellants Gulf Coast Racing, LLC, LRP Group LTD., Valle de los Tesoros LTD., and the Texas Horsemen's Partnership, LLP each state there are no entities responsive to Rule 26.1 to identify.

Defendants-Appellees Jerry Black, Lisa Lazarus, Steve Beshear, Adolpho Birch, Leonard S. Coleman, Jr., Ellen McClain, Charles Scheeler, Joseph DeFrancis, Susan Stover, Bill Thomason, D.G. Van Clief, Katrina Adams, Nancy Cox, Joseph Dunford, Frank Keating, and Kenneth Schanzer, and the Horseracing Integrity and Safety Authority, Inc. (collectively, the "Authority") are represented by Pratik A. Shah, Lide E. Paterno, Aileen M. McGrath, and Brennan H. Meier with Akin Gump Strauss Hauer & Feld LLP as well as John C. Roach and David T. Royse with Ransdell Roach & Royse, PLLC.

Defendants-Appellees the Federal Trade Commission; Lina M. Khan, in her official capacity as Chair of the Federal Trade Commission; Noah Joshua Phillips, in his official capacity as Commissioner of the Federal Trade Commission; Rebecca Kelly Slaughter, in her official capacity as Commissioner of the Federal Trade Commission; Alvaro Bedoya in his official capacities as Commissioner of the Federal Trade Commission; and Christine S. Wilson, in her official capacity as Commissioner of the Federal Trade Commission (collectively, the "FTC" or "Commission") are represented by Alexander V. Sverdlov and Stephen Ehrlich with the United States Department of Justice.

Intervenors-Plaintiffs-Appellants the State of Texas and the Texas Racing Commission ("Texas") are represented by Lanora Pettit and Beth Klusmann with the Office of the Attorney General of Texas as well as Virginia S. Fields with the Texas Racing Commission.

Plaintiffs-Appellants National Horsemen's Benevolent and Protective Association, Arizona Horsemen's Benevolent and Protective Association, Arkansas Horsemen's Benevolent and Protective Association, Indiana Horsemen's Benevolent and Protective Association,

Illinois Horsemen's Benevolent and Protective Association, Louisiana

Horsemen's Benevolent and Protective Association, Mountaineer Park

Horsemen's Benevolent and Protective Association, Nebraska

Horsemen's Benevolent and Protective Association, Oklahoma

Horsemen's Benevolent and Protective Association, Oregon Horsemen's

Benevolent and Protective Association, Pennsylvania Horsemen's

Benevolent and Protective Association, Tampa Bay Horsemen's

Benevolent and Protective Association, and Washington Horsemen's

Benevolent and Protective Association (collectively, the "Horsemen

Appellants") are represented by Daniel R. Suhr with the National

Center for Justice & Liberty as well as Fernando M. Bustos with Bustos

Law Firm, P.C.

/s/ Gregory P. Sapire
Attorney of record for Gulf Coast Appellants

## MOTION TO EXPEDITE

Pursuant to Fifth Circuit Rules 27.5 and 34.5, Gulf Coast

Appellants respectfully move to expedite their appeal from the order,

opinion, and final judgment granted against them below. This Court

grants expedited review upon a showing of "good cause." 5th Cir. R.

27.5, 34.5. In this case, good cause exists for three separate reasons

outlined below. Thus, the Gulf Coast Appellants request that their case

be scheduled for argument in August 2023 or the first available setting,

and further request the following expedited briefing schedule:

- Appellants' briefs filed by May 26, 2023 or on the next
  business day following the filing of the Record on Appeal;

- Appellees' briefs filed by June 26, 2023; and

- Appellants' replies filed by July 10, 2023

Gulf Coast Appellants also note that a prior order from the Court

directed that this matter be returned to the same panel that heard the

case previously. ECF No. 22-10387, Doc. 00516630011.

Pursuant to 5th Circuit Rule 27.4, counsel for the Gulf Coast

Appellants notified all other counsel of their intent to file this motion.

Texas is unopposed to the motion. The Horsemen Appellants have

indicated they intend to file a similar motion to expedite, but will

request a setting in late July.  The Authority Appellees state they

"oppose any expedited schedule that would provide less than 30 days for

their response to the three separate opening appeal briefs to be filed by

the various Plaintiffs-Appellants on multiple issues in this consolidated

10

case." They further state they defer to the Court's preference on scheduling of oral argument after full briefing, but note that their lead counsel is unavailable August 7-9 due to a previously scheduled family trip (their Counsel has no conflicts during the September and October sittings). They reserve the right to file a further response after reviewing Appellants' motions. At time of filing this Motion, the FTC Appellees have not responded.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 27, 2020, Congress passed the Horseracing Integrity and Safety Act ("HISA" or the "Act"), as part of the 2,000-page Consolidated Appropriations Act, the second COVID-19 stimulus bill. Pub. L. No. 116-260 (H.R. 133), §§ 1202-11. HISA was unprecedented. It nationalized regulation of the horseracing industry, which states had regulated for over 125 years. But moreover, in doing so, HISA conferred government power upon an organization calling itself the Horseracing Safety and Integrity Authority (the "Authority"), which purports to be a private organization that incorporated itself under the laws of Delaware mere weeks before the law's enactment. In other words, Congress has tried to end-run around the structural provisions of the Constitution for

the exercise of government power, and principally the Appointments Clause and the vesting of the executive power in the President. The Authority has broad regulatory power, including the power to conduct searches and seizures, conduct adjudicatory proceedings, and make legislative rules that govern private parties. And yet its Directors have not been properly appointed as officers of the United States.

HISA's enactment spawned a number of lawsuits, including the two actions that were ultimately consolidated and now comprise this appeal, namely, the Horsemen Appellants' action, *NHBPA v. Black*, ECF No. 5:21-cv-00071-H, Doc. 1, and the Gulf Coast Appellants' action, ECF No. 2:22-cv-00146-Z, Doc. 1. *See also* ECF No. 5:23-cv-00077-H, Doc. 62 (consolidating). In the Horsemen Appellants' suit, the parties agreed to an expedited briefing schedule for summary judgment. ECF No. 5:21-cv-00071-H, Doc. 13. That eventually led to Judge Hendrix's first decision against the Horsemen Appellants. *NHBPA v. Black*, 596 F.Supp.3d 691 (N.D. Tex. 2022). The Horsemen Appellants asked for expedited consideration of their appeal of that decision, which this Court granted. ECF No. 22-10387, Doc. 00516379572. This Court then reversed Judge Hendrix and found HISA unconstitutional under the

private nondelegation doctrine. *NHBPA v. Black*, 53 F.4th 836 (5th Cir. 2022) (*NHBPA I*).

After the decision was announced, but before the mandate issued, Congress amended HISA in another omnibus bill. Consolidated Appropriations Act, 2023, div. O, tit. VII, § 701 (2022). The Defendants asked this Court to vacate its opinion and rule in their favor based on the amended law, but this Court declined to do so. ECF No. 22-10387, Doc. 00516630011. Instead, this Court remanded the case to Judge Hendrix for consideration based on the amended law, and directed that any future appeal return to the same panel. *Id.*

In the meantime, the U.S. Court of Appeals for the Sixth Circuit upheld HISA on private nondelegation grounds in light of Congress's amendment on March 3, 2023. *Oklahoma et al. v. United States et al.*, No. 22-5487, 62 F. 4th 221. On April 17, 2023, the plaintiffs in that case petitioned for rehearing *en banc*.

Additionally, while all of these proceedings—centered on private nondelegation challenges—were ongoing, the Gulf Coast Appellants filed a separate lawsuit in the Amarillo Division of the Northern District of Texas on July 29, 2022, where they made different claims.

These Plaintiffs argued—and continue to argue—that HISA violates the Constitution because it contradicts the Appointments Clause and the vesting of the removal power in the President. *See* ECF No. 5:21-cv-00071-H, Doc. 142 (Amended Complaint). On November 21, 2022—three days after this Court invalidated HISA on private nondelegation grounds—the Gulf Coast Plaintiffs filed their motion for summary judgment, still leading with their Appointments Clause and removal claims. *See* ECF NO. 2:22-cv-00146-Z, Docs. 35–37.

Both the Gulf Coast Appellants (after a stay, which Gulf Coast Appellants opposed, delayed briefing) and the Horsemen Appellants (now on remand) moved for emergency and/or other injunctive relief in their respective cases. *See id.*, Docs. 42, 50; ECF No. 5:21-cv-00071-H, Docs. 116, 124, 142. The District Court in the Horsemen case granted the emergency relief sought while the preliminary injunction request remained pending. ECF No. 5:21-cv-00071-H, Doc. 134. The Court in the Gulf Coast case transferred the case from the Amarillo Division to the Lubbock Division. *See* 5:23-cv-00077-H Doc. 53. The District Court in Lubbock then denied the Gulf Coast Appellants' application for temporary restraining order, reserved ruling on their preliminary

injunction motion, and consolidated their case with the Horsemen's case. 5:23-cv-00077-H Doc. 59, 62, 135.

The Court also consolidated the outstanding requests for preliminary injunctions into a trial on the merits. *Id*. Docs. 135, 144. The Court explained that it undertook this plan to grant the plaintiffs expedited consideration before the expiration of the injunction on May 1, 2023. ECF No. 5:21-cv-00071-H, Doc. 135, at 1.

On May 4, 2023, the District Court issued its order, opinion, and judgment for the Defendants. ECF No. 5:21-cv-00071-H, Doc. 183 (2023 U.S. Dist. LEXIS 77822). The Horsemen Appellants sought an injunction pending appeal, which was denied. ECF No. 5:21-cv-00071-H, Docs. 184, 191.  Both Appellants filed notices of appeal. ECF No. 5:21-cv-00071-H, Docs. 192, 193.

## ARGUMENT

Expedited appeal is appropriate in this case for three reasons: (1) the panel is familiar with the case, as it is the same panel that heard *NHBPA I* is hearing this consolidated appeal, and this appeal arises out of purely legal issues, (2) the legal issues raised involve constitutional rights and are important, salient, and of national significance, and

(3) HISA (and the regulatory uncertainty in the horseracing industry resultant from HISA's enactment) imposes a high regulatory and compliance burden.

First, the facts underlying this appeal are substantially the same as in *NHBPA I*. There are thus few, if any, matters of fact in this case unfamiliar to the panel hearing this appeal. Even with the addition of the Gulf Coast Appellants, little material is needed to adjudicate these claims beyond a legal analysis of the statute. This is because the Gulf Coast Appellants' challenges, and all but one of the Horsemen Appellants', are facial challenges to HISA's constitutionality, so they do not require extensive review of a factual record. And the Horsemen Appellants' one as-applied challenge to HISA is predicated on uncontested facts, over which there are only legal disputes.

Indeed, the entire record is straightforward and uncomplicated: the Horsemen Appellants had 60 exhibits, the Gulf Coast Appellants 53 exhibits, and the Authority introduced 8 exhibits. All exhibits in the record were admitted without objection from any party—there is no argument over the admissibility of any material in the record. Many of the exhibits are official government documents.

Second, the constitutional issues raised in this appeal are of pressing nationwide significance, as HISA displaces a 125-year history of state regulation of horseracing with a new nationwide regulatory scheme that makes numerous changes to the rules governing the industry, to which many in the industry are opposed. *See NHBPA I*, 53 F.4th at 873, 875; *see also Oklahoma v. United States*, 62 F.4th 221 (6th Cir. 2023) (Oklahoma, West Virginia, and Louisiana are plaintiffs); *Oklahoma v. United States*, No. 22-5487, ECF Doc. 45 (Amicus brief of Alaska, Arkansas, Idaho, Mississippi, Montana, and Nebraska). The enforcement of HISA is actively costing the Appellants, and the horseracing industry at large, significantly, especially as peak Thoroughbred racing season is underway. *See* Gulf Coast Exhibit 31. Given the dramatic impact HISA has on this nationwide industry, the constitutionality of its singular and troubling regulatory scheme should be resolved as quickly as possible.

Finally, and related to the above, the threat of HISA's enforcement against the Appellants imposes a high regulatory and compliance burden. To list only a few specific examples: Appellant Global Gaming LSP, LLC's racetrack Lone Star Park, though

17

materially in compliance with Texas regulations, may be losing

upwards of $1 million in simulcast revenue per race day, due to the

Authority's interference with its simulcasting practices.  *See* Gulf Coast

Exhibit 31. And the CEO of the industry has indicated that the

regulatory fees from the Authority compared to the prior state

commission fees will constitute at least a 15 percent increase. NHBPA

Exhibit 39.

    But it's not just racetrack owners and executives that are harmed;

as the District Court found, "[h]orsemen will have to pay for additional

veterinarian visits, additional pre-race lab testing, and other expenses

to ensure their horses are clean." ECF No. 5:21-cv-00071-H, Doc. 134, at

14.  And the registration, racetrack safety, and ADMC rules create

substantial paperwork burdens, requiring trainers, owners, and

veterinarians to constantly upload information about horses to the

Authority's database. NHBPA Exhibit 20 (registration rule) (87 Fed.

Reg. 29862, 29867); NHBPA Exhibit 14 (racetrack safety rule) (87 Fed.

Reg. 435, 440); NHBPA Exhibit 19 (anti-doping regulation) (88 Fed.

Reg. 5070, 5094-95).  The increased compliance costs and fees, coupled

with decreased revenue, are a one-two punch that threaten to drive both horsemen and race tracks out of the business.

## CONCLUSION

For the many reasons above, the Gulf Coast Appellants respectfully request this Court grant this motion and set the case on an expedited briefing schedule requiring (1) Appellants' briefs filed by May 26, 2023 or on the next business day following the filing of the Record on Appeal; (2) Appellees' briefs filed by June 26, 2023; and (3) Appellants' replies filed by July 10, 2023; and to set oral argument in August 2023 or the first available setting.

Date: May 22, 2023

**MAYNARD NEXSEN PC**

By: *Gregory Sapire*

    Gregory P. Sapire
    State Bar No. 00791601
    gsapire@maynardnexsen.com
    Carlos R. Soltero
    State Bar No. 00791702
    csoltero@maynardnexsen.com

2500 Bee Caves Road
Building 1, Suite 150
Austin, Texas 78746
Telephone: (512) 431-9518
Facsimile: (512) 359-7996

**UNDERWOOD LAW FIRM, P.C.**

By: */s/ Autum L Flores*

    Autum L. Flores
    State Bar No. 24081205
    Autum.Flores@uwlaw.com

500 S. Taylor, Suite 1200
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 376-0376

**ATTORNEYS FOR PLAINTIFF-APPELLANTS GULF COAST RACING LLC, LRP GROUP LTD.; VALLE DE LOS TESOROS LTD.; GLOBAL GAMING LSP, LLC; AND TEXAS HORSEMEN'S PARTNERSHIP LLP**

Respectfully submitted,

By: */s/ Ilan Wurman*

    Ilan Wurman
    Arizona State Bar No. 034974
    Texas State Bar No. 24090479[3]
    Ilan.wurman@asu.edu

Sandra Day O'Connor College of Law*
Arizona State University
MC 9520
111 E. Taylor St.
Phoenix, Arizona 85004

*Provided for identification purposes only.

---

[3] Inactive.

# CERTIFICATE OF COMPLIANCE

1.     This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, according to the Word Count function, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1843 words.

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in Word in a proportionally spaced typeface, using Century Schoolbook 14-point font.

/s/ Gregory P. Sapire
Attorney of record for Gulf Coast Appellants

May 22, 2023